R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Design Pics, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESIGN PICS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RITANI, LLC and DOES 1-10,<br><br>　　　　　Defendants. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Design Pics, Inc., ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for its complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.　　This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.

2.　　Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3.      Plaintiff is a corporation organized under the laws of Canada with a principal place of business at #101, 10464-176 Street, Edmonton, Alberta, T5S 1L3, Canada.

4.      Upon information and belief, defendant Ritani, LLC ("Ritani") is a company registered in the State of New York with a place of business at 30 Dr. Martin Luther King Blvd., White Plains, New York 10601.

5.      Defendants Does 1 through 10 ("Doe Defendants") are currently unknown to Plaintiff and, as such, are identified in this action with fictitious names.  Upon information and belief, each of the Doe Defendants are legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff.  Plaintiff will seek leave of Court to amend this complaint to identify and include the actual names and capacities of the Doe Defendants after Plaintiff obtains such information.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

7.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

8.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

9.      Plaintiff is an online company that provides stock, royalty free digital images to registered members of their site.  Members are provided with such images through its extensive library of pictures taken by renowned photographers, Plaintiff has developed a large clientele and sells its works to registered members for use including editorial, advertising, corporate and non-profit use.

10.      Robert Sablan is a renowned professional photographer who has spent his career photographing for both advertising and editorial clients and is well known for his stellar world-wide travel, architectural and lifestyle imagery.

11.      Mr. Sablan is the original author of the photographic image entitled *1993704LowRes* (the "Copyrighted Work").  A copy of the Copyrighted Work is attached hereto as Exhibit A.

12.      Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the Copyrighted Work.

13.      On November 7, 2005, Pacific Stock, Inc., a company acquired by Plaintiff, in 2011, obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, in a bulk registration along with other works.  Attached hereto as Exhibit B is a copy of the Certificate for Registration Number VA 1-321-491 obtained from the United States Copyright Office.

14.      Plaintiff publicly displays its catalogue of photographic works at its branded website PacificStock.com, where it includes copyright management information in the metadata of its photographic works, including but not limited to the name of the author, a description of

the work, its copyright status, and a copyright notice, among other items.

15. The Copyrighted Work included such copyright management information in the metadata of the photograph when displaying the Copyrighted Work at Plaintiff's website for the purpose of promoting the licensing of the Copyrighted Work.

**B. Defendants' Unlawful Activities**

16. Upon information and belief, Ritani or the Doe Defendants own, operate, or participate in the operation of a number of websites, including one located at the URL http://www.ritani.com, where Ritani or the Doe Defendants publish, among other things, articles about marriage and honeymoon travel that use high quality photographic images, such as those belonging to Plaintiff, to draw internet users to visit and remain at the websites owned or operated by Ritani or the Doe Defendants, thus profiting from advertising revenue that grows as its viewership grows.

17. Plaintiff has discovered Ritani or the Doe Defendants are and have been infringing Plaintiff's exclusive copyright in the Copyrighted Work.

18. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at websites located at the following URLs (herein after the "Infringing Websites"):

- https://www.ritani.com/wp-content/uploads/2013/07/hawaii2-1024x768.jpg?7c07b7
- https://www.ritani.com/wp-content/uploads/2013/07/hawaii2-1024x768.jpg
- https://www.ritani.com/blog/wedding-planning/the-best-summer-honeymoon-destinations/

19. Screenshots of infringement of the Copyrighted Work is attached hereto as Exhibit C.

20. The Infringing Websites include copyright notices that, upon information and

4

belief, are purposefully placed there with the intent to deceive the public into believing that the copyrights to the Infringing Websites belong to Ritani or the Doe Defendants.

21. Upon information and belief, the infringing websites are owned or operated by Ritani or the Doe Defendants.

22. Upon information and belief, Ritani or the Doe Defendants located the Copyrighted Work on the internet and, without authorization from Plaintiff, first downloaded the Copyrighted Work to his computer system and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully reproducing and distributing the Copyrighted Work, where the Copyrighted Work was then publicly displayed without Plaintiff's permission.

23. Upon information and belief, Ritani or the Doe Defendants are each responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

24. Defendants' reproduction, distribution, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

25. Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights.

### FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

26. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

27. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

28. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyright in the Copyrighted Work to bring suit.

29. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Ritani or the Doe Defendants had access to the Copyrighted Work prior to the creation of the Infringing Websites.

30. By their actions, as alleged above, defendant Ritani or the Doe Defendants have infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

31. Upon information and belief, the infringement by defendant Ritani and the Doe Defendants is willful and deliberate and Defendants have profited at the expense of Plaintiff.

32. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

33. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

34. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

35. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

37. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

38. As an alternative theory to its direct infringement claim, in the event defendant Ritani or any of the Doe Defendants contend the infringing conduct described above is done by another, defendant Ritani and certain Doe Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

39. By its actions, as alleged above, Ritani's and certain Doe Defendants' foregoing acts of contributory infringement violates Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

40. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Ritani and certain Doe Defendants have profited at the expense of Plaintiff.

41. As a direct and proximate result of Ritani's and certain Doe Defendants' contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

42. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

43. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

44. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

45. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

46. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

47. As an alternative theory to its infringement claims above, to the extent Ritani and the Doe Defendants contend they did not directly infringe nor contributorily infringe Plaintiff's copyright, Ritani and certain Doe Defendants each had the right or ability to control the direct infringement described above.

48. As a result of Ritani's and certain Doe Defendants' right or ability to supervise the direct infringement described above, Ritani and certain Doe Defendants could have prevented or stopped the direct infringement but did not take any action to do so.

49. Ritani and certain Doe Defendants each had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and Ritani and certain Doe Defendants benefitted from that direct infringement.

50. As a direct and proximate result of Ritani's and certain Doe Defendants'

vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover their actual damages resulting from Ritani's and certain Doe Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

51. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

52. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

53. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

54. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**FOURTH CLAIM FOR RELIEF**
**(Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)**

55. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

56. Plaintiff included in his Copyrighted Work digital copyright management information.

57. Upon information and belief, Ritani or the Doe Defendants removed and/or

altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

58. Upon information and belief, Ritani or the Doe Defendants reproduced, distributed and publicly displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

59. Upon information and belief, Ritani's or the Doe Defendants' acts in violation of the Digital Millennium Copyright Act were and are willful.

60. By reason of the violations of the Digital Millennium Copyright Act committed by Ritani or the Doe Defendants, Plaintiff has sustained and will continue to sustain substantial injuries.

61. Further irreparable harm is imminent as a result of Ritani's or the Doe Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Ritani or the Doe Defendants, their officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendants from engaging in further violations of the Digital Millennium Copyright Act.

62. At its election, and in lieu of Ritani's or the Doe Defendants' profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

63. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendants resulting from its reproduction, distribution or display of the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. A declaration that Defendants violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal infringement;

8. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their violations of the Digital Millennium Copyright Act or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future violation of the Digital Millennium Copyright Act;

10. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in § 1203(b)(5);

11. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 19, 2018

Respectfully submitted,

By: /s/R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Design Pics, Inc.*